DIEZ DE ANDINO, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Conveyance.

No. 320.—Decided June 29, 1917.

RECORD OF TITLE—NOTARIAL DEED—PERSONAL ACQUAINTANCE.—When the instrument presented in the registry for record does not state that the notary who attested it personally knew the parties thereto, this omission violates section 16 of the Act of March 8, 1906, to regulate the practice of the notarial profession in Porto Rico, and renders the instrument void according to section 20 of the said act.

ID.—ID.—PARTNERSHIP—CONVEYANCE—AMBIGUITY.—A deed conveying lands to a partner in the dissolution and liquidation of a partnership which states only that the partner ''takes charge of the lands'' is ambiguous, for this does not reveal that they have been conveyed to him in payment of his share in the partnership of which he was a member. It is the duty of notaries to state clearly the real intention of the parties.

ID.—ID.—ID.—CONJUGAL PARTNERSHIP—CONVEYANCE—CONSENT.—It is not necessary that in executing a deed of conveyance of lands to a partner in the dissolution and liquidation of a partnership the wives of the parties appear and consent to such conveyance, for sections 159 and 1328 of the Civil Code

refer only to the real property of the conjugal partnership formed by the partners with their respective wives.

Id.—Curable Defect.—It is a curable defect in this case that it was not shown in an authentic manner that the lands referred to in the deed of dissolution and liquidation of the partnership were the same lands described by the assignee in the instrument presented in the registry for record.

The facts are stated in the opinion.

The appellant did not appear.

The respondent appeared *pro se*.

Mr. Chief Justice Hernández delivered the opinion of the court.

As receiver of the commercial firm of Gandía & Stubbe in liquidation, by appointment of the District Court of San Juan, Section 2, on May 10, 1917, Juan Diez de Andino presented an instrument on the 25th of said month in the Registry of Property of San Juan, Section 1, requesting the recording of certain lands known as "Tras Miramar," consisting of two lots which are described and which were allotted to the partner Johann D. Stubbe in a deed dated July 24, 1916, for the dissolution and liquidation of the said commercial partnership.

In the said instrument executed by Johann D. Stubbe and Pedro Gandía Córdova, both married, the parties agreed to dissolve the mercantile partnership of Gandía & Stubbe and for that purpose made an inventory or general balance of the firm's property including the Tras Miramar lands, without giving any description thereof, of which lands, together with other property forming part of the assets, *the partner Johann D. Stubbe took charge* in accordance with the plan agreed on for the dissolution of the partnership. In the said instrument the attesting notary failed to certify that he knew the parties.

The registrar refused to record the instrument for the reasons stated in the following decision:

"The foregoing instrument, accompanied by a petition of Juan Diez de Andino as receiver for the liquidation of the said partner-

ship and a certificate of the court accrediting his appointment, is denied admission to record (1) because the notary before whom the instrument was executed does not certify that he knew the parties; (2) because the wives of the contracting parties did not appear and give their consent to the acts stipulated in the instrument; (3) because of the ambiguity in the wording of the instrument, inasmuch as the conveyance of the property is not clearly shown and it is only stated that 'Stubbe takes charge of the following part of the assets * * *.' A cautionary notice for the legal period has been entered on pages 82 and 153 of Volume V, Southern Santurce, and 67 San Juan, properties Nos. 176 and 2809, entry letters A, in which is also assigned.the curable defect that there is no authentic document giving a description of the Tras Miramar lands to which the instrument refers."

The interested party not having withdrawn the documents within two days after having been notified of the above decision, the registrar sent them up to this court for the purpose stated in section 2 of the Act of March 1, 1902, providing for appeals from the decisions of registrars of property.

The aggrieved party has not appeared in person or by attorney to support the appeal by opposing the decision appealed from, a practice which, of course, we censure; but, in view of the statutes applicable to the case, we are of the opinion that the refusal to record was justified on all the grounds assigned except the second.

The instrument contains no statement by the attesting notary that he knew the parties, and that omission constitutes a violation of section 16 of the Act of March 8, 1906, regulating the practice of the notarial profession in Porto Rico, and, according to section 20 of the same act, renders the instrument null and void.

The ambiguity in the wording of the instrument is obvious, for the statement that *Johann D. Stubbe takes charge of the Tras Miramar lands* does not show that they were conveyed to him in satisfaction of his interest in the firm

of Gandía & Stubbe, of which he was a member. It is the duty of notaries to express clearly the real intention of the contracting parties.

The decision appealed from is affirmed on the two grounds alluded to.

The second ground, based on the fact that the wives of the contracting parties did not appear for the purpose of signifying their consent to the acts stipulated in the instrument, does not appear to be acceptable. It is true that section 159 of the Civil Code provides that the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null, except when effected with the express consent of both parties to the marriage, and that section 1328 of the same code provides that the husband shall not have the power to give, to sell and to bind for a consideration the real estate of the conjugal partnership, without the express consent of the wife; but the said sections refer to the real property of the conjugal partnership, or ganancial property, and the lands in question are not the property of the conjugal partnerships composed of the partners Gandía and Stubbe and their respective wives, but belong to the commercial partnership of Gandía & Stubbe.

As to the curable defect assigned by the registrar in his decision, we are of the opinion that it exists, inasmuch as it was not shown in an authentic manner that the Tras Miramar lands referred to in the instrument are the same as those described by the receiver in his petition to the registrar for its admission to record.

For the foregoing reasons the decision appealed from, excepting the part referring to the second ground assigned, should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.